UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

EDDIE P. WASHINGTON,

        Plaintiff,

v.                                      Case No. 8:12-CV-501-T-30AEP

HERTZ CAR RENTAL,

        Defendant.

_____/

## REPORT AND RECOMMENDATION

Proceeding *pro se*, Plaintiff has filed a one-page letter, which the Court construes as a complaint (Dkt. No. 1). Essentially, Plaintiff contends he suffered injuries in a severe automobile collision in February, 1979, in which the other driver drove a car rented from Hertz. Plaintiff states that "Hertz has not tried or attempted to compensate [him] for medical bills, mental, and physical anguish and they have not compensated [him] nevertheless for [his] car" (*id.*). Currently before the Court is Plaintiff's Affidavit of Indigency (Dkt. No. 2), which the Court construes as a motion for leave to proceed *in forma pauperis*.

The Court may, upon a finding of indigency, authorize the commencement of an action without requiring the prepayment of fees or security therefor. 28 U.S.C. §1915(a)(1). When an application to proceed *in forma pauperis* is filed, the Court must review the case and dismiss it *sua sponte* if the Court determines the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Notably, an action is frivolous where the allegations are "clearly baseless," "fanciful," "fantastic," "delusional," or "without arguable merit either in law

or fact." *Denton v. Hernandez*, 504 U.S. 25, 31, 32-33 (1992) (quoting *Neitzke v. Williams*, 490 U.S. 319, 325-28 (1989)).  Accordingly, where a district court determines from the face of the complaint that the factual allegations are clearly baseless or the legal theories are indisputably meritless, the court may conclude a case has little or no chance of success and dismiss the complaint before service of process.  *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993).

Further, dismissal for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal under Rule 12(b)(6), Federal Rules of Civil Procedure.  *Leonard v. FBI*, 405 Fed. App'x 386, 387 (11th Cir. 2010) (citing *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997)).  Namely, dismissal for failure to state a claim is appropriate if the facts, as plead, fail to state a claim for relief that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009).  In reviewing the complaint, the Court holds *pro se* pleadings to a less stringent standard and therefore construes the complaint more liberally.  *Tannenbaum v. U.S.*, 148 F.3d 1262, 1263 (11th Cir. 1998) (*per curiam*) ("*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed.").  Although courts afford liberal construction to *pro se* litigants' pleadings, litigants appearing *pro se* must adhere to the procedural requirements of the Federal Rules of Civil Procedure as well as the Local Rules for the Middle District of Florida.  *McNeil v. U.S.*, 508 U.S. 106, 113 (1993) ("[W]e have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel."); *Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007) ("And although we are to give liberal construction to the pleadings of *pro se* litigants, 'we nevertheless have required them

to conform to procedural rules.'" (citation omitted)); *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) ("[O]nce a *pro se* IFP litigant is in court, he is subject to the relevant laws and rules of court, including the Federal Rules of Civil Procedure.").

In the instant action, Plaintiff filed a one-page letter to the Court regarding an accident which occurred more than thirty years ago and for which he believes Hertz should compensate him. The complaint suffers from several notable deficiencies. To begin, the complaint fails to conform with Federal Rule of Civil Procedure 10, which requires Plaintiff state his claims in "numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). More importantly, Plaintiff fails to set forth "a short and plain statement of the grounds for the court's jurisdiction," "a short and plain statement of the claim showing that the pleader is entitled to relief," or "a demand for the relief sought." Fed. R. Civ. P. 8(a)(1)-(3). Indeed, Plaintiff's complaint alleges that he was in an automobile collision in 1979 in which he suffered injuries, he later found out that the automobile driven by the other driver was rented from Hertz, Hertz never tried to contact him while he was in the hospital nor attempted to compensate him in any way, and he previously filed a complaint in 1996 in the Northern District of Georgia based on the same incident. By this action, he hopes the Court will "help Hertz car rental and [him] pick this ball up so that the truth can be known" because he feels the proverbial ball has been dropped in his case. From the minimal information provided, the Court cannot ascertain what federal claims Plaintiff seeks to assert or whether a basis exists for establishing the Court's jurisdiction. Even construing the facts liberally, however, it appears that amending the complaint would prove futile as Plaintiff cannot establish a basis for federal jurisdiction or a claim upon

which relief may be granted based on these facts. Moreover, a claim that Hertz owes Plaintiff any redress for an accident which occurred thirty-three years ago is clearly baseless and meritless and therefore frivolous under 28 U.S.C. § 1915(e). Accordingly, and after due consideration, it is **RECOMMENDED** that Plaintiff's construed motion for leave to proceed *in forma pauperis* (Dkt. No. 2) be **DENIED** and Plaintiff's construed complaint (Dkt. No. 1) be **DISMISSED**.

**IT IS SO REPORTED** in Tampa, Florida this 8th day of March, 2012.

ANTHONY E. PORCELLI
United States Magistrate Judge

### NOTICE TO PARTIES

Failure to file and serve written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date it is served on the parties shall bar an aggrieved party from a *de novo* determination by the District Court of issues covered in the report, and shall bar the party from attacking on appeal factual findings in the report accepted or adopted on appeal by the District Court except upon grounds of plain error or manifest injustice. 28 U.S.C. § 636(b)(1)(C); Local Rule 6.02; *Nettles v. Wainwright,* 677 F.2d 404 (5th Cir. 1982) *(en banc).*

Copies furnished to:
Hon. James S. Moody, Jr.
Plaintiff, *pro se*

4